# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELIAS N. QUINTANA, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HON. JUDGE THOMAS ALFORD, )<br>MONTE STROUT, )<br>GENE S. ELLIS, JR., and )<br>FIRST STATE BANK, an Oklahoma )<br>Corporation, )<br>)<br>Defendants. ) | Case Number: CV-10-420-JHP |

## OPINION AND ORDER

This matter comes on for consideration of Plaintiff's Application for Preliminary Injunction (Doc. No. 3) and Verified Complaint (Doc. No. 2). After fully considering this matter, the Court finds for the reasons stated below that the Application for Preliminary Injunction is **DENIED**.

As an initial matter, the Court finds that under Fed. R. Civ. P. 65(a), a Preliminary Injunction is not available to the plaintiff. "The court may issue a preliminary injunction only on notice to the adverse party." **Fed. R. Civ. P.** 65(a)(1). In the instant case, plaintiff asks the Court to enjoin a hearing set to take place in Oklahoma state court on November 10, 2010, at 10:00 am, less than twenty-four hours from the date of this filing. Plaintiff has not noticed any defendant, therefore the Fed. R. Civ. P. 65(a) does not permit this Court to enter a preliminary injunction.

While Fed. R. Civ. Pro. 65(b) allows this Court to issue a temporary restraining order without notice to the parties, this Court finds that a temporary restraining order is not appropriate

in this case.

> The court may issue a temporary restraining order without written or oral notice to the adverse party . . . *only if*: . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.

**Fed. R. Civ. P.** 65(b)(1) and (b)(1)(a). Plaintiff seeks to enjoin tomorrow's hearing before Defendant Judge Alford for confirmation of sale on his business property. In the underlying foreclosure action against Plaintiff's business property in Oklahoma state court, plaintiff contested service of process and claimed that he was not given proper notice.[1] Plaintiff claims that his business interests will be irreparably harmed if Judge Alford were allowed to proceed with the confirmation of sale hearing. This Court disagrees. Plaintiff's proposed harm - the sale of his business property due to foreclosure - can in fact be remedied by a timely appeal within the Oklahoma state court system. Such an appeal could determine whether service of process was in fact proper, whether the underlying Judgment in the foreclosure action was correct, and reverse and remand such Judgment if appropriate. Because the harm alleged by Plaintiff appears on its face to be reparable within the Oklahoma state court system, a temporary restraining order is inappropriate under Fed. R. Civ. P. 65(b).

For the reasons cited herein, Plaintiff's Application for Preliminary Injunction is hereby **DENIED**.

---

[1]Plaintiff attached a copy of the Judgment in the underlying state court case, Muskogee County Case No. CJ-2009-174, to the Application for Preliminary Injunction. The Judgment was entered April 2, 2009, and states its finding that service was properly made on Mr. Quintana, the defendant in that foreclosure action and Plaintiff herein. There is no evidence that Plaintiff timely appealed the court's Judgment finding that service of process was proper and effective, therefore any further appeal by Plaintiff in Oklahoma state court may properly be blocked.

**IT IS SO ORDERED** this 10th day of November, 2010.

James H. Payne
United States District Judge
Eastern District of Oklahoma