# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELIAS N. QUINTANA, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: CV-10-420-JHP |
| ) | |
| HON. JUDGE THOMAS ALFORD, ) | |
| MONTE STROUT, ) | |
| GENE S. ELLIS, JR., and ) | |
| FIRST STATE BANK, an Oklahoma ) | |
| Corporation, ) | |
| ) | |
| Defendants. ) | |

## **OPINION AND ORDER**

Before the Court are the Motions to Dismiss and Briefs in support thereof brought by Defendants First State Bank (Docket Nos. 16, 17 respectively), Monte Strout (Docket Nos. 18, 19, respectively), and Thomas Alford (Docket No. 20, 21, respectively). Plaintiff Elias N. Quintana, Jr. ("Quintana") filed a combined response to these Motion to Dismiss. Docket No. 24. Defendants Thomas Alford, First State Bank, and Monte Strout each noticed the Court that they would not be filing a reply to Quintana's combined response. Docket Nos. 25, 26, 27, respectively. Subsequently, in timely matter due to an extension of time granted by this Court, Defendant Gene Ellis filed a Motion to Dismiss on December 28, 2010, in which he adopted the reasoning set out in the Motions to Dismiss previously entered by First State Bank and Monte Strout. Docket No. 28. Quintana has not responded to Defendant Ellis's Motion to Dismiss. *See*

1

Docket.  For the reasons cited herein, Defendants' Motions to Dismiss are GRANTED.[1]  Accordingly, this case is DISMISSED.

## FACTS

Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 on November 9, 2010.  Docket No. 2.  The causes of action alleged in the Plaintiff's *pro se* Complaint are exclusively related to actions taken by Defendants during the pendency of Oklahoma state court case *First State Bank v. Elias Quintana, LLC*, Muskogee County Case No. CJ-2009-174 (hereinafter "state foreclosure case").  Complaint at 2, Docket No. 2; Bank's Brief at 1, Docket No. 17.  All four Defendants in this federal case were participants in the state foreclosure case: Defendant Judge Alford presided, Defendant First State Bank was the plaintiff, Defendant Monte Strout represented First State Bank, and Defendant Gene Ellis served as process server for First State Bank.  Complaint at 2-3, Docket No. 2.  The state foreclosure case against Plaintiff herein concluded with Judgment in favor of First State Bank entered April 2, 2009.  *See* Bank's Brief, Exh. 1, Docket No. 17.

The Complaint articulates twelve causes of action against Defendants, collectively.  Counts I and II allege that Judge Alford violated his judicial duties by denying Plaintiff his constitutional and statutory rights during the pendency of the state foreclosure case.  Count III alleges that Judge Alford and Strout conspired to "subvert justice and fairness."  Counts IV, V, and VI allege fraud, negligence, and "infringement of buisness [*sic*] and economic loss," respectively, against Strout.

---

[1] Defendants First State Bank, Monte Strout, and Gene Ellis have argued that the case should be dismissed for lack of subject matter jurisdiction because this Court lacks the jurisdiction to review state court proceedings.  *See, e.g.,* Memorandum of Authority of Motion to Dismiss by First State Bank at 3-4, Docket No. 17 (hereinafter "Bank's Brief").  This Court declines to consider the merits of that argument, however, as it finds other grounds to dismiss this case with regard to Defendants First State Bank, Strout, and Ellis.  *See infra*.

Count VII alleges that Ellis negligently conducted his duties as a process server in the state foreclosure case. Count VIII alleges that Strout and Ellis made an intentional misrepresentation about service of process in the state foreclosure case. Count IX alleges that Ellis's representations to the Court in the state foreclosure case were deceitful and fraudulent, and that he subverted justice when he failed to honor a subpoena issued by Plaintiff in the state foreclosure case. Count X alleges that Strout and Ellis conspired to commit fraud on the court in the state court case. Finally, Counts XI and XII allege causes of action against First State Bank for negligent hire and *respondeat superior* for the acts of Monte Strout, respectively. *See* Complaint at 3-9, Docket No. 2. Plaintiff concludes each count in the Complaint by praying for damages in the amount of at least one-million dollars ($1,000,000.00)[2] requesting "any other relief this Court deems proper including the setting aside of the Judgment rendered in the above referenced State Court proceeding." *See generally id.*

## DISCUSSION

At the outset of this analysis, this Court recognizes that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Even so, this Court finds that under the circumstances dismissal of Quintana's complaint is proper.

**A.     Motion to Dismiss by Judge Thomas Alford**

The Court finds that Quintana cannot prevail on the claims he has attempted against Judge Alford because Judge Alford is absolutely immune from liability for damages. Construing the

---

[2]For each count of the Complaint, Plaintiff's claim of one-million dollars ($1,000,000.00) in general damages is typically accompanied by a second claim for one-million dollars ($1,000,000.00) for punitive or other damages. *See generally id.*

Complaint liberally, this Court interprets the first three counts of the Complaint to attempt to state claims under § 1983 (and potentially a negligence claim) against Judge Alford for actions taken in his official capacity as an Oklahoma state judge during the state foreclosure case. "It is well settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties." Wiggins v. New Mexico State Sup. Ct. Clerk, 664 F.2d 812, 814-15 (10th Cir. 1981); *see also* Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002) (citing Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). Judge Alford presided over the state foreclosure case against Quintana, during which he presumably overruled Plaintiff's motions and objections to the foreclosure prior to entering judgment against Quintana. Such actions fall within the scope of Judge Alford's judicial duties, therefore the claims that Quintana has attempted to state against Judge Alford fail to state a claim. It being demonstrated that the claims against Judge Alford are irreparably flawed, these claims must be DISMISSED WITH PREJUDICE.[3]

**B.      Motions to Dismiss by First State Bank, Monte Strout, and Gene Ellis**

As previously stated, Quintana has alleged multiple claims for damages against Monte Strout, Gene Ellis and First State Bank itself. For example, Quintana has alleged both intentional and negligent misrepresentation and/or fraud against both Strout and Ellis individually, in addition to claiming Strout and Ellis conspired to make misrepresentations in the state foreclosure case which negatively impacted Quintana's constitutional rights. *See* Complaint, Counts 4, 5, 7, 8, and 9, Docket No. 2. The Complaint seeks to extend liability for Strout's actions to First State Bank

---

[3]"A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." Brereton v. Bountiful City Corp., 434 F.3d 1213, 1219 (10th Cir. 2006) (citing Grossman v. Novell, Inc., 120 F.3d 1112, 1126 (10th Cir. 1997)).

by stating claims of *respondeat superior* and negligent hire. *See id.* Counts 11, 12. In every count alleging misrepresentation or fraud, the alleged misrepresentation had to do with the service of process in the state foreclosure. *See id*. Counts 4, 5,[4] 7, 8, and 9.

The Court finds that it does not have subject matter jurisdiction over Quintana's § 1983 claims against First State Bank, Monte Strout, and Gene Ellis. First, Quintana has not pled a colorable claim arising under the Constitution or laws of the United States, i.e., federal question jurisdiction, pursuant to 28 U.S.C. § 1331. The Court finds the necessary "under color of state law" component of any federal question claim for lack of due process under 42 U.S.C. § 1983 is absent. This requirement is the equivalent of the "state action" requirement of the Fourteenth Amendment. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 929 (1982). Quintana has argued that Strout's and Ellis's misrepresentations, which he argues are imputed to First State Bank via *respondeat superior*, impacted his constitutional rights, which form the basis for his § 1983 claims. However, Strout (the plaintiff's lawyer in the state foreclosure case) and Ellis (the process server in the state foreclosure case) are not "state actors" under Tenth Circuit precedent.

In *Schrader v. Turner*, the Tenth Circuit considered a case in which the *pro se* plaintiff, Janice L. Schrader, attempted to state a § 1983 claim against an "attorney, the attorney's legal assistant, and a . . . process server" who were "involved in the representation of a plaintiff who filed a civil suit against Schrader in New Mexico state court." 338 F. App'x 761, 762 (10th Cir.

---

[4]Count Five attempts to state a claim for negligence against Strout, alleging that he "breached his duty [to adhere and uphold the laws of Oklahoma] by his subversive, deceitful, and/or fraudulent acts and omissions." *Id.* at 5. Taking into account the context of these allegations, the Court interprets this count to be related to Strout's alleged instructions to Ellis regarding the subpoena issued by Quintana, and Strout's alleged misrepresentation to the Court regarding service of process.

2009) (opinion not selected for publication). Schrader argued that the attorney and process server conspired to deprive her of her constitutional rights, an argument virtually identical to that made by Quintana herein. *See id.* The Tenth Circuit affirmed the district court's *sua sponte* dismissal of the complaint, agreeing that the defendants were "not state actors subject to suit under § 1983." *See id.* at 762-63 (citing Beedle v. Wilson, 422 F.3d 1059, 1073 (10th Cir. 2005) ("The conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for purposes of § 1983." (quotation omitted)); McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991) (affirming *sua sponte* dismissal of *pro se* complaint for failure to state a claim when it is "patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile" (quotation and citations omitted))). Applying *Shrader* to the instant case, this Court finds that attorney Strout and process server Ellis cannot be considered "state actors," and are therefore not subject to suit under § 1983. It follows that First State Bank, the employer of Strout and plaintiff in the state foreclosure case, also cannot be considered a "state actor," and likewise cannot be subject to suit under § 1983.

Quintana having failed to state a valid claim under § 1983, there are no remaining claims which support this Court's subject matter jurisdiction. Quintana has stated no other federal causes of action which would support jurisdiction under 28 U.S.C. § 1331. Moreover, Quintana has not alleged a claim involving citizens of different states, i.e. diversity of citizenship jurisdiction, pursuant to 28 U.S.C. § 1332. The Complaint states that every party to this case is a "citizen" of Oklahoma. Complaint at 1-2, Docket No. 2. Under these circumstances, the Court cannot exercise diversity jurisdiction. There is nothing in Quintana's complaint which would indicate any other basis for

6

federal court jurisdiction.[5] Therefore, Quintana has failed to articulate any basis for federal subject matter jurisdiction. Quintana's claims against First State Bank, Monte Strout, and Gene Ellis are DISMISSED WITHOUT PREJUDICE.[6]

**CONCLUSION**

For the reasons stated above, Defendants' Motions to Dismiss (Docket Nos. 16, 18, 20, 28) are GRANTED. The claims against Judge Alford are DISMISSED WITH PREJUDICE, and the claims against First State Bank, Monte Strout, and Gene Ellis are DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED** this 21st day of June, 2011.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[5] To the extent that Quintana's *pro se* complaint can be interpreted as alleging claims independent of § 1983, claims such as negligence against non-state actors Strout and/or Ellis (for example, Counts 5 and 7), or intentional interference with business relations by Strout (Count 6), the Court finds that these claims arise under state law. As such, the Court does not have original jurisdiction over these claims when there is a lack of diversity, as there is in this case. *See* 28 U.S.C. §§ 1331, 1332. The Court cannot exercise supplemental jurisdiction over claims pursuant to 28 U.S.C. § 1367 because there is no basis for *original* jurisdiction over this case.

[6] Brereton v. Bountiful City Corp., 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.").